In the Matter of BENJAMIN B. HERSH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 19, 1986

## APPEARANCES OF COUNSEL

*Gary L. Casella (Sylvia L. Fabriani* of counsel), for petitioner.

*Anthony J. Caputo, P. C. (Emanuel Thebner* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on June 21, 1939.

In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm in part and confirm in part said report.

The Special Referee found the respondent guilty of professional misconduct as follows: preparing an affidavit of net worth on behalf of his client knowing that said affidavit was false and inherently misleading; transferring title to real estate which was in his client's name when respondent knew or should have known that an earlier judgment of divorce prohibited such a transfer of title to anyone but his client's former wife; falsely acknowledging as a notary public a signature on a bill of sale to be that of the rightful owner of a business knowing that the person signing was the son of the owner; failing to disclose to a court that which he was required by law to reveal, to wit, that the marital premises had been conveyed and executing a false affidavit to that effect; engaging in an impermissible conflict of interest by transferring his client's mortgage to himself as trustee and substitut-

ing himself for his client in the foreclosure action on his client's house; falsely representing in a stipulation that his client still owned the marital premises despite the fact that his client had previously conveyed said premises to his second wife in violation of a judgment of divorce; and suborning and/or attempting to suborn the perjury of a witness during a hearing in the Supreme Court in an attempt to reduce his client's support payments that were set by the judgment of divorce.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct indicated above. The petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is granted to the extent that it seeks to confirm the Special Referee's report in part and in all other respects is denied. The respondent is adjudged guilty of serious professional misconduct.

In determining an appropriate measure of discipline to be imposed, we are mindful of the fact that respondent was admonished by the petitioner Grievance Committee on two prior occasions for similar misconduct. Accordingly, the respondent should be, and hereby is, disbarred, and his name is ordered stricken from the roll of attorneys and counselors-at-law, effective forthwith.

MOLLEN, P. J., MANGANO, BRACKEN, BROWN and LAWRENCE, JJ., concur.